UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANGELA DAWN PEREZ DOWLING,

Plaintiff,

v.

THE COURT "THE PEOPLE OF THE COURT",

Defendant.

Civil Action No. 25-30199-MGM

MEMORANDUM AND ORDER
Dkt. Nos. 2, 5
July 2, 2026

MASTROIANNI, U.S.D.J.

Angela Dawn Perez Dowling ("Plaintiff") of Phoenix, Arizona, initiated this action by filing a complaint, an Application to Proceed in District Court Without Prepaying Fees or Costs (docketed as a Motion for Leave to Proceed *in forma pauperis*), and a brief. (Dkt. Nos. 1 - 3). She subsequently filed a motion to amend. (Dkt. No. 5).

Under the federal *in forma pauperis* statute, a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). One does not have to be "absolutely destitute" to proceed *in forma pauperis*. *Makarevich v. Sanofi,* No. CV 25-12543-IT, 2026 WL 491517, at *1 (D. Mass. Feb. 23, 2026) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, the litigant must show she cannot pay the filing fee "and still be able to provide [her]self and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotation marks omitted). Leave to proceed *in forma pauperis* is a privilege, not a right. *See, e.g., Young v. Bowser*, 843 Fed. App'x 341, 341-342 (D.C. Cir. 2021) (per curiam); *Daker v. Jackson*, 942 F.3d 1252,

1257 (11th Cir. 2019) (per curiam); *Bryant v. United States*, 618 Fed. App'x 683, 685 (Fed. Cir. 2015) (per curiam).

In response to Question 2 concerning income, Plaintiff responded, "court hearing," and in response to Questions 3, 5 – 7, she responded, "Hearing / TBD." (Dkt. No. 2.) In response to Question 4, Plaintiff failed to state the amount of money she has in a checking or savings account (or in cash). (*Id.*) Because Plaintiff has not provided sufficient information concerning her financial circumstances, the court cannot determine whether she can pay the filing fee and still be able to afford the necessities of life for herself and any dependents.

In addition, a review of the court's records reveals that Plaintiff previously sought to proceed *in forma pauperis* in other actions in this court. *See e.g. Dowling v. The People of the Court, et al.*, No. 25-cv-13278-ADB (dismissed Mar. 11, 2026). In that action, Plaintiff's motion for leave to proceed *in forma pauperis* was denied without prejudice and the action was dismissed after Plaintiff failed to respond to a court order. *Id.* On March 23, 2026, the mail sent to Plaintiff was returned as undeliverable. (*See* Dkt. No. 10, *Dowling v. The People of the Court, et al.*, No. 25-cv-13278-ADB.)

Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Accordingly, this action will be dismissed without prejudice.

Accordingly, it is hereby ORDERED that:

1.      The Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) is DENIED WITHOUT PREJUDICE.

2.      This action is DISMISSED WITHOUT PREJUDICE to Plaintiff filing a motion to reopen by **August 3, 2026.** If she seeks to reopen this action, she also must either pay the $405 filing fee or file a new Application in which she provides a complete response to all the questions.

3.      Plaintiff's Motion to Amend is DENIED AS MOOT.

It is So Ordered.

   /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge